IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSEFA VAZQUEZ-LOPEZ,** *et al* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. L-04-CV-92** |
| | § | |
| **THE UNITED STATES OF AMERICA** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Partial Summary Judgment [Doc. No. 25].[1] Upon due consideration of the pleadings, attached exhibits and legal authorities, Defendant's Motion for Partial Summary Judgment is hereby GRANTED.

**Factual Background**

Plaintiffs, the adult children of decedent Mr. Trinidad Vasquez Hernandez, are suing the Government pursuant to the Federal Tort Claims Acts, 28 U.S.C. §§ 1346, 2671-2680 (hereinafter "FTCA").  It is undisputed that on October 1, 2003 at approximately 8:37 a.m., decedent was crossing the street using a pedestrian crossing when he was struck by a Border Patrol truck.  The Complaint alleges that the driver of the truck was an employee of the United States Customs and Border Protection, who at the time was acting within the course and scope of his employment. It is undisputed that after the accident, decedent was taken to Laredo Medical

---

[1] Defendant's partial summary judgment motion was filed on July 25, 2005. According to the Local Rules of the United State District Court for the Southern District of Texas (LR 7.3 and 7.4), Plaintiff had twenty days to respond to Defendant's Motion. Plaintiff did not file a response to this motion.

Center where he was pronounced dead at approximately 1 p.m. Plaintiffs seek to recover under two co-existing provisions; the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code § 71.004, as well as the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021.

**Federal Torts Claim Act**

The FTCA provides the exclusive remedy for damages "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office. . . ." 28 U.S.C. § 2679(b)(1).  The substantive law of the state applies in civil actions brought under the FTCA. *See United States v. Muniz,* 374 U.S. 150,153(1963); *see also* 28 U.S.C. § 1346(b)(1993).

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The initial burden, borne by the moving party, requires a showing to the Court of the basis for the motion, as well as an identification of the portions of the record "which [the moving party] believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).  The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)(citing *United States v. Diebold, Inc.,* 369 U.S. 654 (1962)).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.  If an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which they will bear the burden of proof at trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-323.

However, Rule 56 "does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). When evidence "exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).  Therefore, to satisfy the requirement of *Celotex* that nonmovants "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)), the party opposing the motion for summary judgment must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence supported their claim." *See Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)(citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).

**Legal Analysis**

Plaintiffs did not file a response to Defendant's motion. As previously stated, the Court is not obligated to search the entire record in order to breathe life into a dying claim and will not do so. *See Doddy,* 101 F.3d at 463 (5th Cir 1996).

Defendant contends that it is entitled to summary judgment on Plaintiffs' survival damages because, as a matter of law, Plaintiffs cannot recover damages for decedent's conscious pain and suffering where the un-rebutted evidence shows that the father was rendered unconscious immediately after he was struck. Additionally, Defendant contends that Plaintiffs cannot recover medical, funeral and burial expenses because they did not incur any.

**Texas Survival Actions**

Generally, under the Texas Survival Statute and the Texas Wrongful Death Act, beneficiaries are allowed to recover for the pain and suffering of the deceased, medical expenses, funeral expenses, and property damages. *See Mosier v. American Motors Corp,* 303 F. Supp. 44 (S. D. Tex. 1967).

The Texas Survival Act preserves for decedent's estate causes of action that he had while he lived. *See Delesma v. City of Dallas*, 770 F.2d 1334 (5th Cir. 1985); *see also Felan v. Ramos*, 857 S.W. 2d 113 (Tex.App.–Corpus Christi 1993, writ denied); *Russell v. Ingersoll-Rand Co*., 841 S.W.2d 343 (Tex. 1992); Tex. Civ. Prac. & Rem. Code § 71.021(a). Texas law, however, narrowly circumscribes the type of damages recoverable in survival actions. The recoverable damages are those that the decedent sustained while alive. *Id*. at 345. Plaintiffs bringing survival actions can only recover damages for the decedent's conscious pain, suffering and mental

anguish, medical expenses, funeral and burial expenses. *See* Tex. Civ. Prac. & Rem. Code §

71.021*; Marange v. Fontenot*, 879 F. Supp. 679, 690 n.11 (E.D.Tex. 1995).

**Decedents Pain, Suffering and Mental Anguish**

In Texas, the estate of the decedent can recover for the pain and suffering that the

deceased *consciously experienced. See Russell v. Ramirez*, 949 S.W.2d 480, 491 (Tex.App.

—Hous. [14 Dist.]1997, no writ) (citing *Canales v. Bank of California*, 316 S.W. 2d 314

(Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.)(emphasis added); *see also Levinge Corp. v.*

*Ledezma,* 752 S.W.2d 641, 645 (Tex.App.—Hous. [1 Dist.]1988, no writ); *Sharpe v. Munoz*, 256

S.W.2d 890 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). The estate has the burden of

establishing by a preponderance of the evidence that decedent actually suffered some conscious

pain as a result of the accident and prior to his death. *See Moore v. Lillebo*, 674 S.W.2d 474

(Tex. App. —El Paso 1984) *rev'd on other grounds* 722 S.W.2d 683 (Tex. 1986) (citing *Carlisle*

*v. Duncan*, 461 S.W.2d 254 (Tex.Civ.App. —Dallas 1970, no writ)). Where the decedent's

injuries immediately render him unconscious, the estate cannot recover for decedent's pain and

suffering. *See Stanford v. Mclean Trucking Co.,* 506 F. Supp. 1252 (E.D. Tex. 1981) (citing

*Mpiliris v. Hellenic Lines, Ltd.*, 323 F. Supp. 865 (S.D.Tex. 1969))(court found that because

decedent was struck by a falling boom receptable and was immediately rendered unconscious

by his injuries the estate could not recover for his pain and suffering); *see also Sanchez ex rel.*

*Estate of Galvan v. Brownsville Sports Center, Inc.,* 51 S.W.3d 643(Tex. App. —Corpus Christi

2001 pet.granted, judgm't vacated w.r.m.). (Parents of child killed in all-terrain vehicle accident

did not establish that child sustained conscious pain and suffering before death where the doctor

who performed the autopsy testified that the cause of death was  severe cranial trauma that

produced fractures in skull, cerebral lacerations, hemorrhaging and other injuries that rendered the child unconscious). Moreover, the immediacy of the occurrence combined with the lack of any other evidence renders speculative an award for pain and suffering. *See In re Dearborn Marine Service, Inc.,* 499 F.2d 263 (5th Cir. 1974).

The undisputed facts before this Court are that decedent, Trinidad Vasquez Hernandez, was struck by the border patrol truck at approximately 8:30 a.m. on the morning of October 1, 2003. He was taken to the Laredo Medical Center and was pronounced dead at approximately 1 p.m. that same day.  The uncontroverted deposition testimony of the medical examiner, Vincent J.M Di Maio, was that among other things, decedent suffered from a "ring fracture to the skull." (Di Maio Dep. 24: 22-24, July 12, 2005).  Dr. Di Maio testified that "[t]he ring fracture is a massive injury to the skull and brain. That's fatal irrespective of age." (Di Maio Dep. 27: 22-23, July 12, 2005). When probed, Dr. Di Maio repeated that decedent suffered from a "massive skull fracture with hemorrhage [sic] into the brain. Once he [the decedent] incurred the injuries, he's immediately unconscious . . . essentially, for all practical purposes he was gone when he – when he [sic] got the head injuries." (Di Maio Dep. 33: 16-21, July 12, 2005).

The uncontroverted testimony before this Court is that decedent injuries rendered him unconscious instantaneously. As such, pursuant to the Texas Survival Claims Act, Plaintiffs cannot recover for decedent's conscious pain and suffering.

**Medical Expenses, Funeral and Burial Expenses**

Reasonable funeral and burial expenses are also recoverable in a survival action in Texas. *Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 34-35 (Tex.1963); *see also Russell,* 841 S.W.2d

at 345. The estate need only show that they incurred medical expenses as well as funeral and burial expenses.

The uncontroverted evidence before the Court is that Plaintiffs did not incur any medical expenses, funeral or burial expenses. Plaintiffs' response to Defendant's First Set of Interrogatories; specifically interrogatories 12, 13 & 14 and Request for Production; specifically 3, 4 & 5, which asked about the debt of the estate, to whom they are owed and amounts owed was an unequivocal "No". As a matter of law, the Court cannot award Plaintiffs medical, funeral and burial expenses when none were incurred. Defendant's Motion for Summary Judgment as to these expenses is also GRANTED.

Because the uncontroverted evidence shows that Defendant is entitled to summary judgment on Plaintiff's survival claims, Defendant's Motion for Partial Summary Judgment is hereby GRANTED.  The causes of action remaining at this juncture are Plaintiffs' claims pursuant to the Texas Wrongful Death Act.

IT IS SO ORDERED.

Done this  28th  day in March, 2006 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**To Insure Proper Notice, Each Party Who Receives This Order Shall Forward a Copy of it to Every Other Party And Affected Non-party Even Though They May Have Been Sent One by The Court.**